WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS) LITIGATION | MDL 09-02119-PHX-JAT<br>CV 10-1548-PHX-JAT |
| THIS DOCUMENT RELATES TO: | ORDER |
| Molina v. MERS,<br>CV 10-01548-PHX-JAT | |

## I.   Parties and Pending Motion

According to Plaintiffs' jurisdictional statement, this member case has two named Plaintiffs: Edel Molina and Maria E. Hernandez. (Doc. 2001-1 at 5). There are two Defendants: MERSCORP Holdings, Inc. and Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS" or "Defendant"). In the pending motion for summary judgment (Doc. 1981 at 2), Defendant moves for summary judgment against both Edel Molina and Maria Hernandez. In responding to this motion, Plaintiffs' counsel claims to be responding on behalf of only Maria Hernanadez. Counsel does not mention Edel Molina. Thus, the Court does not know if Edel Molina is still a Plaintiff and/or if by failing to respond, counsel intended to incorporate Maria Hernandez's response as Edel Molina's response, abandon the claims of Edel Molina, or if this is just an oversight. To further complicate matters, Plaintiffs' counsel elected to "consolidate" the response of the Plaintiff (Milan Stejic) from another member case (CV 10-1547), who is responding to a

different motion for summary judgment (Doc. 1983), into the Hernandez's response. The Court has disregarded the portions of the response directed at that Plaintiff (Stejic) for purposes of this Order.

## II. Summary Judgment Standard

Summary judgment is appropriate when a moving part shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56. Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to establish the existence of material fact. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a *genuine* issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. Pro. 56(e) (1963) (amended 2010)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247–48.

## III. Count I of the Amended Complaint

Following the Court of Appeals reversal (*In re Mortgage Elec. Registration Sys., Inc.*, 754 F.3d 772 (9th Cir. 2014) at Doc. 1820) of this Court's dismissal of the consolidated amended complaint in this case, there is one Count remaining. The remaining Count is a cause of action under A.R.S. § 33-420(A). Another Court in this district has summarized this cause of action as follows:

…A.R.S. § 33-420(A) [] penalizes persons claiming an interest or lien in real property for knowingly recording a document that is "forged, groundless, contains a material misstatement or false claim or is otherwise invalid":

> A. A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that *the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid* is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.

(Emphasis added.) The broader statutory section, A.R.S. § 33-420, is entitled "False documents; liability; special action; damages; violation; classification."

*David A. Kester v. CitiMortgage,* CV 15-365, Doc. 37 (D. Ariz. March 31, 2016).

**IV.     Fact Specific Claims**

    **A.     Scope of the Mandate (Forgery)**

As to Plaintiffs' claims, this Court previously recounted,

> [Plaintiffs'] amended complaint was dismissed on October 3, 2011. (Doc. 1602). Plaintiffs appealed dismissal of Counts I-VI to the Ninth Circuit Court of Appeals. The Court of Appeals reversed the dismissal of Count I and affirmed the dismissal of Counts II-VI. *In re Mortgage Elec. Registration Sys., Inc.*, 754 F.3d 772, 786 (9th Cir. 2014). Specifically, the Court of Appeals held that: (1) A.R.S. § 33-420 applies to Notices of Trustee Sale, Notices of Substitution of Trustee, and Assignments of a Deed of Trust, documents which Plaintiffs alleged to be fraudulent in the CAC; (2) Plaintiffs' claims are not timebarred; (3) Plaintiffs have standing to sue under A.R.S. § 33-420; and (4) Plaintiffs pleaded their robosigning claims with sufficient particularity to satisfy Federal Rule of Civil Procedure 8(a). *In re Mortgage Elec. Registration Sys., Inc.*, 754 F.3d at 781-784.

Doc. 2005 at 2.

More specifically, the Court of Appeals held that Plaintiffs had stated a claim that "the documents at issue are invalid because they are 'robosigned (forged).'" *In re*

*Mortgage Elec. Registration Sys., Inc.*, 754 F.3d at 783.[1] As this Court discussed at length in the order denying class certification (Doc. 2005), this claim is the only claim of the 18-page Count One that was remanded to this Court. Indeed, the Court of Appeals confirmed that all other theories potentially embedded in Count One were waived by Plaintiffs by not raising them on direct appeal. (Doc. 2047) Thus, Plaintiffs must survive summary judgment on this single claim.

As indicated above, the statute at issue creates a cause of action when someone files a document that is: 1) forged; 2) groundless; 3) contains a material misstatement or false claim; or 4) is otherwise invalid. A.R.S. § 33-420(A). However, the Court of Appeals' mandate could be construed as permitting Plaintiffs to prove only "forgery" as the means by which this statute was violated. (Doc. 1820). Indeed in a subsequent decision, the Court of Appeals stated

> "This court's reversal of Count I was limited to petitioners' claims of robosigning *and* forgery. To the extent petitioners now seek to challenge the MDL Court's dismissal of Count I as to allegations beyond robosigning *and* forgery, that challenge is waived because it was not raised in the appeal in *MERS I*."

(Doc. 2047 at 2) (emphasis added).

Accordingly, the Court will analyze "forgery"[2] specifically because it is possibly the only claim remaining before this Court. The Court will then attempt to determine whether Plaintiffs are claiming A.R.S. § 33-420 was violated by Defendant in some other way.

---

[1] Unlike some of the other member cases, the Court of Appeals did not recount any factual allegations specific to Molina/Hernandez, whose foreclosure is at issue in this member case, in its reversal. (Doc. 2047).

[2] Arizona's Criminal Statutes define forgery (as is relevant here) as follows: "A person commits forgery if, with the intent to defraud, the person: 1) Falsely makes, completes or alters a written instrument…." A.R.S. § 13-2002. While A.R.S. § 33-420 is not a criminal statute, it does include a criminal penalty; thus this Court will use this definition.

**B.     MERS' motion for summary judgment**

      **1.     MERS' Motion as to Forgery**

MERS has identified Cindy Sandoval and Marvell Carmouche as the individuals who signed the Substitution and Notice of Sale in this case. (Doc. 1981 at 10.) MERS notes that Plaintiffs make no factual arguments that either signature is forged. (Doc. 1981 at 10). MERS further notes that Plaintiffs' expert did not examine nor offer an opinion on the authenticity of either of these signatures. (Doc. 1981 at 10).[3]

With respect to any theory of forgery, Plaintiffs have failed to create a disputed issue of fact. Indeed Plaintiffs fail to respond to MERS' motion for summary judgment on this point at all, and never even mention these (or any other) signatures. On this record, Plaintiffs have no evidence of forgery and MERS is entitled to summary judgment. *See Celotex*, 477 U.S. at 325 (moving party may discharge its burden on summary judgment by showing there is an absence of evidence to support the nonmoving party's case).

      **2.     Plaintiffs' allegations against MERS**

            **a.     "Robosigning"**

The Court having concluded there is no disputed issue of fact on the only issue the Court of Appeals reversed, namely forgery, the Court could enter judgment in favor of MERS. However, the Court will address "robosigning" because it was specifically mentioned by the Court of Appeals and arguably within the scope of the mandate.

Reading Plaintiffs' response to MERS' motion for summary judgment, it would appear Plaintiffs believe "robosigning" is, by and of itself, a way to violate A.R.S. § 33-420. (*See* Doc. 2016 at 5). It is not. The statute lists four distinct and specific ways it

---

[3] The Court has cited MERS' motion and accompanying statement of facts for the "facts" recounted in this paragraph because Plaintiffs did not present any facts on this issue in the response to the motion. Accordingly MERS' facts are undisputed.

1   can be violated, and Plaintiffs' "robosigning" allegation must fall within one of these four

2   categories to even state a claim.[4]

3         Plaintiffs define robosigning as, "the actual process where people either forge

4   signatures on high volumes of foreclosure documents, or the actual person signing lacks

5   knowledge of the facts being attested to, and/or the documents are pre-notarized

6   (notarized in blank) or post-notarized (the notary didn't actually witness the signature)."

7   Doc. 2016 at 5.[5] Only one of these means of robosigning, namely forgery, overlaps with

8   the ways to violate A.R.S. § 33-420. Because the Court has already addressed any

9   allegation of forgery above, the Court need not do so again here.

10         Plaintiffs make no argument as to how this definition, if accepted, would translate

11   to a violation of A.R.S. § 33-420. Plaintiffs have failed to establish a disputed issue of

12   fact (or legal theory of recovery); thus, MERS is entitled to summary judgment on this

13   definition.

14                     **b.   MERS' status as a beneficiary**

15         Plaintiffs argue that MERS, as a nominee for the lender, cannot be a beneficiary

16   on a deed of trust. (Doc. 2016 at 4). Plaintiffs conclude that this "status" effectively

17   violates A.R.S. § 33-420 and A.R.S. § 33-801 because more accurate information should

18   have been recorded. (*Id.*)

---

20   [4] The Court notes that the Court of Appeals found Plaintiffs stated a claim as to "robosigning (forgery)". This Court is aware that it is bound by that decision. However the Court of Appeals never suggested that robosigning standing alone, with no evidence of forgery or some other means of violating the actual language of the statute, would state a claim.

23   [5] MERS takes issue with Plaintiffs' definition of "robosigning" arguing that it has no basis in Arizona law. (Doc. 2041 at 8). This Court has previously lamented the problems that arise from the use of the word "robosigning", which does not appear to have a uniformly accepted legal definition. (Doc. 2005 at 8, n.3). Plaintiffs' citation for their proposed definition comes from a case in the District of Columbia. (Doc. 2016 at 5). MERS appears to be correct that this citation would have no relevance to the law of Arizona.

First, this global argument against MERS and the MERS system is beyond the scope of the mandate. (*See* Docs. 1820 and 2047).  Second, even if the Court could reach this argument, as MERS notes in its reply, at least eight cases, including two published opinions of the Ninth Circuit Court of Appeals applying Arizona law, have rejected this argument. (Doc. 2041 at 4-5).[6]  Accordingly, MERS is entitled to summary judgment on this theory.

## V. Conclusion on MERS' motion for summary judgment

Because the Court has determined that MERS is entitled to summary judgment on all claims advanced by Plaintiffs in this member case, the Court need not reach MERS additional arguments for summary judgment in its favor including: 1) that MERS did not cause the documents to be recorded; 2) that MERS did not know or have reason to know that any representations were "false"; and 3) that any "misrepresentations" in the documents were not material. (Doc. 1981 at 13, 14, 10).  Based on the foregoing,

**IT IS ORDERED** that MERSCORP Holdings, Inc.'s and Mortgage Electronic Registration Systems, Inc.'s motion for summary judgment against the Molina/Hernandez Plaintiffs (Doc. 1981 & 43) is granted.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment[7] in favor of these Defendants and against these Plaintiffs, accordingly.  The Clerk of the

---

[6] The Court notes that Plaintiffs failed to cite or address any of these cases.

[7] This Court has previously been questioned for not using Rule 54(b) language when entering judgment in a case in this multi-district litigation. *Rollins v. Mortgage Electronic Registration Systems, Inc.,* 737 F.3d 1250 (9th Cir. 2013).  The Court has diligently undertaken to attempt to determine whether such language was necessary at this time.  First, the Court has presumed that all Defendants have moved for summary judgment relying on Plaintiffs' jurisdictional statement. (Doc. 2001-1) (The Court notes that Defendants GMAC Mortgage LLC, Residential Funding Company LLC, and Bank of New York Trust Company, NA, are listed as Defendants in the member case; but because these Defendants were not included in the jurisdictional statement, the Court has presumed they are not Defendants to the only reversed count (Count 1)).  Second, the Court has granted summary judgment against Edel Molina either because his claims are identical to Ms. Hernandez or because he has voluntarily abandoned his claims.  Third,

Court shall close CV 10-1548-PHX-JAT as a result of this Order. The Clerk of the Court shall file a copy of this Order in both the MD case number, and the member case number listed above.

        Dated this 27th day of July, 2016.

*James A. Teilborg*
Senior United States District Judge

---

the Court has reviewed the docket of the original member case (because neither party has given the Court any updates as to the status of that case) (CV 09-1836-PHX), and determined that the case is closed. Based on all of these assumptions, the Court believes this Order completely resolves this member case. However, if either party disagrees, that party shall move for Rule 54(b) language within 3 days, and list for the Court what claims and parties remain in this case (either before this Court or before another Court).